IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUISIANA PACIFIC CORPORATION, | ) | Case No. C-12-3433 SC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | <u>DISMISS</u> |
| v. | ) | |
| | ) | |
| JAMES HARDIE BUILDING PRODUCTS, | ) | |
| INC., and DOES 1-5, inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

    Plaintiff Louisiana Pacific Corporation ("Plaintiff") brings this action against Defendant James Hardie Building Products ("Defendant") for, among other things, trademark infringement and tortious interference with economic advantage. ECF No. 1 ("Compl."). The gravamen of the Complaint is that Defendant injured Plaintiff and infringed its registered trademarks by paying Google, an internet search engine, to direct consumers to Defendant's website when consumers performed an internet search using Plaintiff's marks.

    Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to identify all of the trademarks that were allegedly infringed. ECF No. 14 ("MTD"). In the alternative, Defendant moves for a more definite statement with respect to allegedly infringed marks

pursuant to Federal Rule of Civil Procedure 12(e). Defendant also moves to dismiss Plaintiff's claim for tortious interference on the ground Plaintiff has not alleged the existence of an economic relationship between itself and its prospective clients. The motion is fully briefed, ECF Nos. 20 ("Opp'n"), 21 ("Reply"), and appropriate for determination without oral argument, Civ. L.R. 7-1(b).

The Court finds that the Complaint lacks the requisite specificity since it does not identify every trademark which was allegedly infringed. In its opposition papers, Plaintiff argues that it need not "describe every potential . . . infringement of protected material." Opp'n at 5. This may be true, but it misses the point of Defendant's motion. Defendant is not arguing that Plaintiff is required to describe every instance of alleged infringement. Rather, Defendant is arguing that Plaintiff should identify every trademark which was allegedly infringed. See MTD at 5. This is not an overly burdensome requirement and is necessary to provide Defendant with adequate notice. Plaintiff's authority does not suggest that the Court should impose a lower standard.[1] As pled, the Complaint identifies only three of the allegedly infringed marks and leaves Defendant to guess at the others. This is insufficient.

Defendant also argues that Plaintiff's claim for tortious interference with economic advantage fails because Plaintiff has

---

[1] See Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1121 (C.D. Cal. 2001) (claim for copyright infringement sufficiently pled where complaint identified the relevant copyrights); Facebook, Inc. v. Power Ventures, Inc., C 08-5780 JF (RS), 2009 WL 1299698, at *5 (N.D. Cal. May 11, 2009) (claim for trademark infringement sufficiently pled where complaint identified the allegedly infringed mark).

2

not pled facts sufficient to establish that it has an existing relationship with the visitors to its website. Under California law, "[a]n essential element of the tort of interference with prospective business advantage is the existence of a business relationship with which the tortfeasor interfered. Although this need not be a contractual relationship, an existing relationship is required." Roth v. Rhodes, 25 Cal. App. 4th 530, 546 (Cal. Ct. App. 1994) (internal citations omitted). "Allegations that amount to a mere 'hope for an economic relationship and a desire for future benefit' are inadequate to satisfy the pleading requirements of th[is] element of the tort." Google Inc. v. Am. Blind & Wallpaper Factory, Inc., C 03-05340 JF, 2005 WL 832398, at *8 (N.D. Cal. Mar. 30, 2005) (quoting Blank v. Kirwan, 39 Cal.3d 311, 331 (Cal. 1985)).

Plaintiff alleges it "has an economic relationship with consumers who visit its website to purchase goods and services and there exists a corresponding probability that those consumers will confer a future economic benefit to [Plaintiff]." Compl. ¶ 98. Defendant argues that "such unidentified consumers have no existing relationship with Plaintiff." MTD at 7. Plaintiff responds that it should not be required to identify these consumers because Defendant has sole possession of their names. Opp'n at 8. Plaintiff contends that Google's search program allows Defendant to specifically identify Internet users who clicked on a particular link and were later converted into customers who eventually purchased goods associated with that link. Id.

Plaintiff's argument lacks merit as it is premised on the unfounded assumption that a person forms a business relationship

with Plaintiff when he or she enters particular terms in Google's search engine. There is a possibility that consumers who search for Plaintiff through Google will choose to purchase Plaintiff's goods or services at some point in the future; however, such consumers do not have an existing business relationship with Plaintiff merely because they perform an internet search. In sum, Plaintiff's "alleged expectation of and prospective sales to these customers . . . does not rise to the level of the requisite promise of future economic advantage" necessary to meet the pleading requirements for a claim for tortious interference. <u>Google</u>, 2005 WL 832398, at *9 (internal quotations omitted). This is especially true since those allegations encompass "'new' customers with whom [Plaintiff] cannot claim any past or present interactions." <u>Id.</u>

For the reasons set forth above, the Court GRANTS Defendant James Hardie Building Products, Inc.'s Motion to Dismiss. Plaintiff Louisiana Pacific Corporation's Complaint is DISMISSED to the extent that it is predicated on Defendant's alleged infringement of unidentified marks. The Court GRANTS Plaintiff thirty days' leave to amend its Complaint to specifically identify each and every mark that Defendant allegedly infringed. Additionally, Plaintiff's claim for tortious interference with a prospective business advantage is DISMSISED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 14, 2012

UNITED STATES DISTRICT JUDGE

4