**United States District Court**
For the Northern District of California

1

2

3

4            IN THE UNITED STATES DISTRICT COURT

5        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7  LOUISIANA PACIFIC CORPORATION,    ) Case No. C-12-3433 SC
                                     )
8              Plaintiff,            ) ORDER GRANTING MOTION TO
                                     ) DISMISS
9        v.                          )
                                     )
10  JAMES HARDIE BUILDING PRODUCTS,  )
   INC., and DOES 1-5, inclusive     )
11                                   )
                                     )
12           Defendants.             )
                                     )
13                                   )

14

15       Plaintiff Louisiana Pacific Corporation ("Plaintiff") brings

16  this action against Defendant James Hardie Building Products

17  ("Defendant") for, among other things, trademark infringement and

18  tortious interference with economic advantage.  ECF No. 1

19  ("Compl.").  The gravamen of the Complaint is that Defendant

20  injured Plaintiff and infringed its registered trademarks by paying

21  Google, an internet search engine, to direct consumers to

22  Defendant's website when consumers performed an internet search

23  using Plaintiff's marks.

24       Defendant now moves to dismiss pursuant to Federal Rule of

25  Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed

26  to identify all of the trademarks that were allegedly infringed.

27  ECF No. 14 ("MTD").  In the alternative, Defendant moves for a more

28  definite statement with respect to allegedly infringed marks

**United States District Court**
For the Northern District of California

1  pursuant to Federal Rule of Civil Procedure 12(e).  Defendant also

2  moves to dismiss Plaintiff's claim for tortious interference on the

3  ground Plaintiff has not alleged the existence of an economic

4  relationship between itself and its prospective clients.  The

5  motion is fully briefed, ECF Nos. 20 ("Opp'n"), 21 ("Reply"), and

6  appropriate for determination without oral argument, Civ. L.R. 7-

7  1(b).

8       The Court finds that the Complaint lacks the requisite

9  specificity since it does not identify every trademark which was

10  allegedly infringed.  In its opposition papers, Plaintiff argues

11  that it need not "describe every potential . . . infringement of

12  protected material."  Opp'n at 5.  This may be true, but it misses

13  the point of Defendant's motion.  Defendant is not arguing that

14  Plaintiff is required to describe every instance of alleged

15  infringement.  Rather, Defendant is arguing that Plaintiff should

16  identify every trademark which was allegedly infringed.  See MTD at

17  5.  This is not an overly burdensome requirement and is necessary

18  to provide Defendant with adequate notice.  Plaintiff's authority

19  does not suggest that the Court should impose a lower standard.[1]

20  As pled, the Complaint identifies only three of the allegedly

21  infringed marks and leaves Defendant to guess at the others.  This

22  is insufficient.

23       Defendant also argues that Plaintiff's claim for tortious

24  interference with economic advantage fails because Plaintiff has

25

26  [1] See Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d
    1114, 1121 (C.D. Cal. 2001) (claim for copyright infringement

27  sufficiently pled where complaint identified the relevant
    copyrights); Facebook, Inc. v. Power Ventures, Inc., C 08-5780 JF

28  (RS), 2009 WL 1299698, at *5 (N.D. Cal. May 11, 2009) (claim for
    trademark infringement sufficiently pled where complaint identified
    the allegedly infringed mark).

**United States District Court**
For the Northern District of California

1  not pled facts sufficient to establish that it has an existing

2  relationship with the visitors to its website.  Under California

3  law, "[a]n essential element of the tort of interference with

4  prospective business advantage is the existence of a business

5  relationship with which the tortfeasor interfered.  Although this

6  need not be a contractual relationship, an existing relationship is

7  required."  Roth v. Rhodes, 25 Cal. App. 4th 530, 546 (Cal. Ct.

8  App. 1994) (internal citations omitted).  "Allegations that amount

9  to a mere 'hope for an economic relationship and a desire for

10 future benefit' are inadequate to satisfy the pleading requirements

11 of th[is] element of the tort."  Google Inc. v. Am. Blind &

12 Wallpaper Factory, Inc., C 03-05340 JF, 2005 WL 832398, at *8 (N.D.

13 Cal. Mar. 30, 2005) (quoting Blank v. Kirwan, 39 Cal.3d 311, 331

14 (Cal. 1985)).

15      Plaintiff alleges it "has an economic relationship with

16 consumers who visit its website to purchase goods and services and

17 there exists a corresponding probability that those consumers will

18 confer a future economic benefit to [Plaintiff]."  Compl. ¶ 98.

19 Defendant argues that "such unidentified consumers have no existing

20 relationship with Plaintiff."  MTD at 7.  Plaintiff responds that

21 it should not be required to identify these consumers because

22 Defendant has sole possession of their names.  Opp'n at 8.

23 Plaintiff contends that Google's search program allows Defendant to

24 specifically identify Internet users who clicked on a particular

25 link and were later converted into customers who eventually

26 purchased goods associated with that link.  Id.

27      Plaintiff's argument lacks merit as it is premised on the

28 unfounded assumption that a person forms a business relationship

**United States District Court**
For the Northern District of California

1   with Plaintiff when he or she enters particular terms in Google's

2   search engine.  There is a possibility that consumers who search

3   for Plaintiff through Google will choose to purchase Plaintiff's

4   goods or services at some point in the future; however, such

5   consumers do not have an existing business relationship with

6   Plaintiff merely because they perform an internet search.  In sum,

7   Plaintiff's "alleged expectation of and prospective sales to these

8   customers . . . does not rise to the level of the requisite promise

9   of future economic advantage" necessary to meet the pleading

10  requirements for a claim for tortious interference.  Google, 2005

11  WL 832398, at *9 (internal quotations omitted).  This is especially

12  true since those allegations encompass "'new' customers with whom

13  [Plaintiff] cannot claim any past or present interactions."  Id.

14       For the reasons set forth above, the Court GRANTS Defendant

15  James Hardie Building Products, Inc.'s Motion to Dismiss.

16  Plaintiff Louisiana Pacific Corporation's Complaint is DISMISSED to

17  the extent that it is predicated on Defendant's alleged

18  infringement of unidentified marks.  The Court GRANTS Plaintiff

19  thirty days' leave to amend its Complaint to specifically identify

20  each and every mark that Defendant allegedly infringed.

21  Additionally, Plaintiff's claim for tortious interference with a

22  prospective business advantage is DISMSISED WITH PREJUDICE.

23

24       IT IS SO ORDERED.

25

26       Dated: November 14, 2012

27                                 UNITED STATES DISTRICT JUDGE

28