IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISIANA PACIFIC CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES HARDIE BUILDING PRODUCTS,<br>INC., and DOES 1-5, inclusive<br><br>         Defendants. | Case No. C-12-3433 SC<br><br>ORDER DENYING MOTION TO<br>SEAL |

## I. INTRODUCTION

Plaintiff Louisiana Pacific Corporation ("Plaintiff") brings this action against Defendant James Hardie Building Products ("Defendant") for, among other things, trademark infringement and tortious interference with economic advantage. The gravamen of the action is that Defendant injured Plaintiff and infringed its registered trademarks by paying Google to direct consumers to Defendant's website when consumers performed an internet search using Plaintiff's marks. Defendant now seeks to seal its motion for summary judgment and various documents filed in support thereof. ECF No. 47 ("Mot. to Seal").[1] For the reasons set forth below, the Motion is DENIED.

---

[1] In connection with its Motion to Seal, Defendant lodged with the Court unredacted copies of its summary judgment motion and supporting documents. Plaintiff has since opposed the summary

## II. BACKGROUND

This case arises out of Defendant's use of "Google AdWords," an advertising platform tied to the Google search engine. Google AdWords allows advertisers to display advertisements in response to consumer searches on Google. Using Google AdWords, an advertiser that wants it advertisements to appear in response to consumer searches can submit to Google advertisements along with one or more "keywords" that it wants to trigger those advertisements. One feature of Google AdWords is the "Dynamic Keyword Insertion" function ("DKI"), which allows advertisers to submit an advertisement with a blank space in it to be automatically filled when a consumer's search triggers the advertisement.

Plaintiff and Defendant are competitors in the manufacture and sale of building products. Plaintiff alleges that Defendant misled consumers and misappropriated Plaintiff's trademarks by using those marks as keyword triggers and by using them within the text or title of paid advertisements that linked to Defendant's website. ECF No. 1 ("Compl.") ¶ 7. In other words, Plaintiff alleges that a Google search for one of Plaintiff's trademarks would trigger an advertisement sponsored by Defendant. That advertisement would feature Plaintiff's marks and link to Defendant's website.

In the unredacted summary judgment motion lodged with the Court ("MSJ"), Defendant contends that the use of Plaintiff's marks was inadvertent. Defendant asserts that it has a practice of not including in its advertisements the name of any of its competitors, and that one of the advertisements targeted by Plaintiff was the

---

judgment motion. Plaintiff's opposition is improper as Defendant's motion for summary judgment has not yet been formally filed to the docket. Plaintiff may re-file its opposition after Defendant has formally filed its motion for summary judgment.

2

1    product of some mistake in the DKI function.  Defendant posits that
2    the Plaintiff-related keywords that triggered the DKI advertisement
3    were mistakenly inserted into the advertisement and displayed to
4    the consumer.  Defendant points out that the resulting
5    advertisements do not make sense from a marketing perspective.  For
6    example, one of Defendant's advertisements represents that
7    Plaintiff's product is "America's #1 Brand of Siding."
8        Defendant now moves to seal its motion for summary judgment.
9    Defendant essentially asks the Court to redact from the motion:
10   statements that Defendant has a practice of not including the names
11   of its competitors in its advertisements, MSJ at 4; statements that
12   the use of Plaintiff's marks in its advertisements was mistaken,
13   id. at 5, 18-20, 23; and statements concerning the number of times
14   the objectionable DKI ad was displayed, how many times customers
15   clicked on the ad, and how many of those customers took positive
16   action, id. at 6, 15, 22.  Defendant also seeks to seal or redact
17   various supporting documents that contain this information, as well
18   as information about the cost-per-click for each advertisement.

### III. LEGAL STANDARD

21       Federal courts have long recognized a common law right of
22   access to inspect various judicial documents.  See Nixon v. Warner
23   Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "This common law right
24   creates a strong presumption in favor of access to judicial
25   documents which can be overcome only by showing sufficiently
26   important countervailing interests."  Phillips ex rel. Estates of
27   Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002)
28   (quotations omitted).  In consideration of this strong presumption,

Civil Local Rule 79-5 provides: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise protectable under the law."  A party seeking to seal a document must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure . . . ." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted).

## IV.  DISCUSSION

Defendant argues that its summary judgment motion and supporting documents should be sealed because they purportedly contain "non-public highly commercially sensitive and proprietary information, and/or trade secret information, the disclosure of which will cause [Defendant] substantial competitive harm."  Mot. at at 1.  However, Defendant never explains why.  Defendant has not, for example, filed a declaration from one its officers or employees describing how this information is generally kept. Merely declaring that something is a trade secret does not make it so.

Defendant essentially asks the Court to assume that an inadvertent advertising campaign and the results of that campaign are trade secrets.  The Court declines to do so.  A trade secret is generally defined as information that (1) derives independent economic value from not being generally known to the public, and (2) is the subject of efforts to maintain its secrecy.  See 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).  It is unclear what

4

value Defendant derives from keeping secret the details of a marketing campaign which inadvertently features the name of a competitor's product.  If, as Defendant admits in its motion for summary judgment, the results of such a campaign are "comical from a marketing perspective," MSJ at 5, then it is highly unlikely that anyone else will intentionally attempt to imitate the campaign.  It is also unclear what steps Defendant has taken to keep the details of the marketing campaign secret.

Compelling reasons must be shown to seal documents filed in connection with a motion for summary judgment, since the resolution of such motions are "at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Kamakana, 447 F.3d at 1179 (quotations omitted).  The Court finds that Defendant has failed to set forth such compelling reasons here.

## V.   CONCLUSION

For the reasons set forth above, Defendant James Hardie Building Products, Inc.'s motion to seal is DENIED.

IT IS SO ORDERED.

Dated: July 8, 2013

_____
UNITED STATES DISTRICT JUDGE

5